IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY W. LOCKETT, | } | |
| TDCJ-CID NO. 1276081, | } | |
|     Petitioner, | } | |
| v. | } | CIVIL ACTION NO. G-07-436 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
|     Respondent. | } | |

## OPINION ON DISMISSAL

Petitioner Jerry Lockett, a state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction for masturbating in public and refusing to obey an order to cease. (Docket Entry No.1). Respondent has filed a motion for summary judgment. (Docket Entry No.16). Petitioner has not filed a response to the motion. For the reasons that follow, the Court will grant respondent's motion for summary judgment.

## BACKGROUND

Officer D. Walton filed a disciplinary offense report on June 13, 2007, alleging that she observed petitioner masturbating against the bars of his cell. (Docket Entry No.18). Walton ordered plaintiff to stop and to move away from the cell bars. (*Id.*). Plaintiff refused and complained that Walton would charge him with a violation even if he ceased the masturbation. (*Id.*). Petitioner entered a guilty plea to the offense. (Docket Entries No.1, No.18). After hearing evidence, the disciplinary hearing officer found petitioner guilty as charged and assessed punishment at thirty days cell restriction, thirteen days solitary confinement, forty-five days loss of commissary privileges, and sixty days loss of good conduct credit. Petitioner unsuccessfully appealed the finding and punishment through TDCJ-CID's grievance procedures. (*Id.*).

In his grievances and the pending petition, petitioner contends that TDCJ's Disciplinary Rules are unconstitutionally vague because they do not define what constitutes a "public space." (Docket Entry No.1). He further contends that the evidence admitted at the disciplinary hearing was insufficient to support the disciplinary conviction. (*Id*.). Respondent moves for summary judgment on the following grounds:

1. Petitioner's loss of privileges, cell restriction, and solitary confinement do not trigger due process protections;

2. Petitioner's good conduct credit was taken in compliance with due process requirements;

3. The evidence was sufficient to support a guilty finding; and,

4. Petitioner does not have an expectation of privacy in prison; therefore, TDCJ rules are not unconstitutionally vague because they do not define what a public space is.

(Docket Entry No.16).

## ANALYSIS

In considering a motion for summary judgment, a court must review the material factual issues and give the non-moving party the benefit of every reasonable inference with respect to the facts alleged by that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hassan v. Lubbock Indep. Sch. Dist.*, 55 F.3d 1075, 1078 (5th Cir. 1995). The entry of summary judgment is appropriate only if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 747 (5th Cir. 1996). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997) (*citing Anderson*, 477 U.S. at 248).

The burden is on the moving party to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Rizzo v. Children's World Learning Ctrs. Inc.*, 84 F.3d 758, 762 (5th Cir. 1996). The non-moving party may not rest solely on its pleadings, however. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 461 (5th Cir. 1996). Rather, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson*, 477 U.S. at 249-50. The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The Court recognizes that pleadings filed by individuals proceeding *pro se* are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). In fact, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521; *Hulsey v. Owens*, 63 F.3d 354, 355 n. 1 (5th Cir. 1995); *Watts v. Graves*, 720 F.2d 1416, 1418 (5th Cir. 1983). However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered sufficient to put a *pro se* party on notice of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### No Liberty Interest

Respondent contends that to the extent petitioner challenges the loss of commissary property privileges, cell restriction, and solitary confinement, he fails to "demonstrate an actionable constitutional deprivation." (Docket Entry No.16).

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). The changes in petitioner's confinement, *i.e.*, the loss of commissary privileges, the restriction to his cell, and solitary confinement do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (confinement in administrative segregation); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (loss of commissary privileges and cell restriction). Therefore, to the extent that petitioner complains of these losses, his claims are not cognizable and will be dismissed.

### Procedural Due Process at Disciplinary Hearings

Respondent acknowledges that because petitioner is eligible for mandatory supervision, the forfeiture of his good time credit implicates due process concerns. *See Teague v. Quarterman,* 482 F.3d 769, 777 (5th Cir. 2007); *Malchi v. Thaler,* 211 F.3d 953, 958-59 (5th Cir. 2000). Nevertheless, he contends, petitioner's due process claims fail because the record does not show that he was denied due process.

In the context of a prison disciplinary hearing, due process requires that the inmate be provided the following: (1) at least twenty-four hour advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence

when the presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact-finder of the evidence relied upon and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Petitioner does not complain that he was denied procedural due process at the disciplinary hearing; moreover the record shows that he was afforded such process.

### Unconstitutionally Vague Rule

Petitioner contends the TDCJ-CID disciplinary rule prohibiting "public masturbation" is unconstitutionally vague. (Docket Entries No.1, No.2). Petitioner indicates that the disciplinary rules provide that an inmate may be charged for masturbating (a) in such a way that others become aware that the offender is doing so or (b) in public, but the rules do not indicate that a prisoner's cell is a public place.[1] (*Id.*).

"A facial challenge for vagueness is appropriate only on an allegation that the law is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *Ferguson v. Estelle*, 718 F.2d 730, 735 (5th Cir. 1983) (per curiam) (quoting *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971)). In other words, an unconstitutionally vague law is one which does not give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 498 (1982).

---

[1] *See* TDCJ-CID Disciplinary Offense Code No.20, which reads as follows: **Sexual Misconduct**—engaging in sexual acts with others, engaging in sexual acts (e.g. masturbation in such a way that others become aware that the offender is doing so) in public, soliciting sexual acts from others, exposing an offender's anus or any part of his/her genitals with intent to arouse or gratify the sexual desire of any person, or homosexual contact involving physical contact (e.g. kissing). http://www.tdcj.state.tx.us/publications/cid/GR-106%20Web%20doc%20English%202-07.pdf

An inmate, because of his status, does not enjoy a right to privacy in his cell. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Moreover, "a prisoner has no reasonable expectation of privacy in the 'curtilage' surrounding his prison cell." *Ordaz v. Martin*, 5 F.3d 529, 1993 WL 373830, *4 (5th Cir. 1993) (not designated for publication). In light of such well-established law, petitioner fails to show that the TDCJ rule regarding sexual misconduct is so vague that a person of reasonable intelligence would not understand that if he masturbates between the bars of his cell, he is masturbating in a non-private, public area and that such conduct violates TDCJ disciplinary rules. Accordingly, respondent is entitled to summary judgment on this claim.

<u>Sufficiency of Evidence to Support Conviction</u>

Petitioner contends the evidence is insufficient to support his disciplinary conviction because that the charging officer presented no evidence to establish that petitioner's cell is a public place. (Docket Entry No.1). Due process requires that there be "some evidence to support the findings made in the disciplinary hearing." *Hudson*, 242 F.3d at 536 (quoting *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). A court determines whether some evidence supports the disciplinary finding as follows:

> [T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board . . . . The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction . . . and neither the amount of evidence to support such a conviction . . . nor any other standard greater than some evidence applies in this context.

*Superintendent, Mass. Correctional Inst., Walpole*, 472 U.S. at 455-456 (citations omitted). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson*, 242 F.3d at 536-37. The information provided in a written

incident report standing alone can satisfy the "some evidence" standard.  *Id.* at 537.  "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

The Disciplinary Hearing Record, in this case, reflects that the hearing officer relied on the charging officer's written report and petitioner's guilty plea to the charged offenses. (Docket Entry No.18).  The charging officer reported that petitioner engaged in the inappropriate act between the bars of his cell, which as previously discussed is not a private place, and that plaintiff refused to cease when ordered to do so.  Petitioner indicated to Investigating Officer J. M. Hutson that he wasn't masturbating but because the charging officer was writing a case, he "did do it." (*Id.*).

Based on the foregoing, the Court finds some evidence to support the disciplinary conviction for masturbation in public and for refusing to obey an order to cease masturbation.

Accordingly, respondent is entitled to summary judgment on petitioner's habeas claims.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d

248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.16) is GRANTED.

2. Petitioner's habeas petition (Docket Entry No.1) is DISMISSED with prejudice.

3. A certificate of appealability from this habeas action is DENIED.

4. All pending motions, if any, are DENIED as moot.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 10th day of June, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE